[No. 4568.    Decided July 31, 1903.]

WALTER L. EASSON, *Respondent, v.* CITY OF SEATTLE *et al., Appellants.*

MUNICIPAL CORPORATIONS — OFFICERS — REMOVAL.

Under Seattle City Charter, art. 16, § 12, providing that any officer "may be removed by the appointing power only upon filing" with the civil service commission written charges, which may be investigated, and, if not sustained by the commission, the officer is to be reinstated, and art. 24, § 8, giving each officer the power to remove any employee appointed by him, unless otherwise provided, the civil service commission has no power to remove the night clerk in the police department, appointed by the chief of police from among applicants who had passed the civil service examination, the chief of police having declined to make the removal.

SAME.

Acquiescence by the chief of police in such removal by the civil service commission does not deprive the clerk of his office.

SAME.

The power of removal is inherent in the appointing power unless otherwise clearly provided by statute.

SAME.

The civil service commission of Seattle is not vested with any actual power of appointment or removal, its functions being

to prescribe tests of fitness, and to act as a check upon improper removals.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*Mitchell Gilliam* and *William Parmerlee,* for appellants.

*Shepard & Lyter,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—On and prior to November 25, 1901, the respondent was an employee of the city of Seattle, appointed and qualified under its civil service rules and regulations, in the capacity of night clerk in the police department of said city. He claims that he is still such officer, and entitled to exercise his functions as such. The appellants Randolph and Zimmerman, together with one Hughes, on the date named above, constituted the civil service commission of the city of Seattle, and the appellant Sullivan was at the same time chief of police of said city. On or about said date complaint was made against respondent before said civil service commission, charging him with the maltreatment of one Dickinson and others. Said commissioners thereupon proceeded to conduct an investigation, and cited respondent and others to appear before them. During the time of such investigation and afterwards, the said commissioners claimed and assumed to have absolute and discretionary power to dismiss any employee of said city who was appointed and admitted to its service under the civil service regulations, if in their opinion such employee had been guilty of any act properly calling for his dismissal. After completing the investigation aforesaid, the said commissioners, in

consequence thereof and because of their opinion concerning the matter investigated, assumed and attempted to dismiss respondent from the service of the city as a police officer thereof, and did order his dismissal. Prior to said investigation by the commission, the appellant Sullivan, as chief of police, had, upon complaint made to him, investigated the same matter, and, having concluded therefrom that no sufficient ground for the dismissal of respondent existed, refused to dismiss him. However, after the said investigation and attempted dismissal by the commissioners, the chief of police acquiesced therein, but neither then nor at any time since did he dismiss or suspend respondent. He seems to have assumed that the action of the civil service commission was legal, and simply treated respondent as no longer a member of the police force. Respondent brought this action against the appellants, and, having alleged in his complaint facts substantially as stated above, prayed for a mandatory injunction against appellants compelling them to reinstate him in his said office, to recognize him as an employee of said city, and also commanding them not to interfere with him in the discharge of his duties as such police officer. He also asked for judgment against the appellant, the city of Seattle, for the amount of his customary and established salary since the date of the attempted dismissal. A demurrer to the complaint was overruled, and appellants thereupon answered. The answer does not controvert the material facts, but avers that the action of the civil service commission was regular, and that respondent was thereby removed as an officer. The cause was tried before the court without a jury, and judgment was entered to the effect that respondent has been an officer and employee of said city ever since said November 25, 1901, in the

capacity of night clerk of the police department, and that he is entitled to exercise the functions and discharge the duties thereof. It was adjudged that he should be reinstated to the possession of his office, and the appellants were each and all enjoined from in any manner interfering with him in the performance of his duties as such officer. The decree also recites that it is made without prejudice to respondent's right to maintain an appropriate action in his own behalf for the recovery by him of any unpaid salary to which he may be entitled from said city on account of his incumbency of said office. This appeal is from that judgment and decree.

At the hearing in this court all questions as to whether respondent had adopted the appropriate remedy in the premises were waived. We shall therefore discuss and determine only the merits of the case. The question to be determined is, has the civil service commission of the city of Seattle power to dismiss or remove an employee in the classified service of the city, whose official appointment was made by the head of the police department of the city government. We are referred to § 12, art. 16 of the charter of the city of Seattle, which is as follows:

"Every officer or employee in the classified civil service shall hold office until removed or retired. Any officer or employee in such service may be removed by the appointing power only upon the filing with the commission of a statement in writing of the reasons therefor. Any officer or employee so removed may, within ten days after his removal demand an investigation. The commission shall forthwith make such investigation and its finding and decision shall be certified to the appointing officer, and if the removal is not sustained thereby, the officer or employee so removed shall at once be reinstated. Nothing in this article shall limit the power of an officer to suspend without pay a subordinate for a period not exceeding thirty

days. In the course of any investigation each member of the commission shall have the power to administer oaths, and to require the attendance of any officer or employee or other person and the production of books and papers relevant to such investigation. The provisions of this section shall not apply to the removal of the chief of police."

Appellants state in their brief that the court below reached the conclusion, from a consideration of the above section, that the sole authority to dismiss is vested in the chief of police. They insist, however, that the trial court's interpretation of the language of the section is erroneous. It will be observed that the following sentence appears in the section: "Any officer or employee in such service may be removed by the appointing power only upon the filing with the commission of a statement in writing of the reasons therefor." Appellants reason that the entire section relates to the removal of an employee by the appointing power, and that the word "only" in the sentence last quoted relates solely to the manner of removal, and does not exclude the right of removal by other corporate authorities. On the other hand, respondent reasons that the sentence provides for removal by the appointing power *"only,"* and that such removal may be effected by filing with the civil service commission a statement in writing of the reasons actuating the head of the department in making the removal; that the remainder of the section gives the commission power to *review* the action of the removing power, and, unless his action be sustained by the commission, the removal shall not become effectual. It is contended that, if the commission were given authority in the first instance to remove, it would not have had imposed upon it the duty to review; that, since removals can be made by the "ap-

pointing power only," and as the commission is not given
the power of appointment, it follows that it cannot be
referred to as the "appointing power." Respondent fur-
ther argues that, if the word "only" were intended to
qualify the clause following it, as contended by appel-
lants, then it might have been omitted from the sentence,
since its use in that sense adds neither force nor meaning
to what follows it, while under the other interpretation
the word becomes a necessary one. The rule is invoked
that, when the words of a statute are susceptible of two
interpretations, that one will be adopted which renders
necessary the use of each word, and which gives to each
word some force and effect, rather than that construction
which renders useless a portion of the language employed.
Endlich, Interpretation of Statutes, § 23. We think the
reasoning of respondent is the more conclusive when
tested by the above rule, and we believe the interpreta-
tion given by the trial court to said section of the city
charter is the correct one.

We are referred to other sections of said art. 16 of the
charter as authorizing removals by the civil service com-
mission, but we think they cannot be so construed when
considered in connection with said § 12. Section 4 pro-
vides that the commission "shall make rules to carry out
the purposes of this article, and for examinations, ap-
pointments, promotions and removals in accordance with
its provisions." It is argued that, since the above au-
thorizes the commission to make rules for removals, it
follows that the power of removal resides in the commis-
sion. It will be observed that the rules so made shall
be for removals in accordance with the provisions of the
whole article, and, as we have seen, another portion of
the article provides for removal by the appointing power.

A reasonable interpretation of the provision regarding rules is that such rules shall pertain to the method of investigation by the commission, as authorized by said § 12, when a removal has been ordered by the appointing power. Other sections referred to by appellants, we think, show no authority in the commission to make removals. Upon the other hand, respondent cites § 8 of art. 24 of the charter, which provides as follows:

"Unless otherwise provided by law or this charter, each officer, board or department authorized to appoint any deputy, clerk, assistant, or employee, shall have the right to remove any person so appointed."

Since we are not shown any provision which seems to authorize removal by the commission, the above section, in connection with § 12, *supra,* appears to be conclusive that the power of removal is lodged with the head of the department who makes the appointment.

The right of removal inheres in the right to appoint, unless limited by constitution or statute. *Shurtleff v. United States,* 189 U. S. 311 (23 Sup. Ct. 535).

The above cited case is a very recent one, and was decided April 6, 1903. The case involved the power of the president to remove an officer, appointed by him with the advice and consent of the senate, for any cause not specified by act of Congress. The officer had been removed by the president without notice or opportunity for a hearing. It was contended that he could not be removed without such opportunity. It was held, if his removal had been sought on any of the grounds specified by Congress, he was entitled to such hearing before he could be removed, but that the power of the president to remove for other causes than those named by Congress and deemed by him to be sufficient inhered in the power of appointment, although it was made by and with the

consent of the senate. The following excerpts from the opinion in that case seem to be in point here:

"It cannot now be doubted that in the absence of constitutional or statutory provision the president can by virtue of his general power of appointment remove an officer, even though appointed by and with the advice and consent of the senate. . . . The right of removal would exist if the statute had not contained a word upon the subject. It does not exist by virtue of the grant, but it inheres in the right to appoint, unless limited by constitution or statute. It requires plain language to take it away. . . . The right of removal, as we have already remarked, would exist as inherent in the power of appointment unless taken away in plain and unambiguous language. This has not been done, and although language has been used from which we might speculate or guess that possibly Congress did intend the meaning contended for by appellant, yet it has not in fact expressed that meaning in words plain enough to call upon the courts to determine that such intention existed."

It is thus held that the power of removal inheres in the power of appointment, and further that it cannot be taken away except by the use of plain and unambiguous statutory language. As we have seen, the city charter of the city of Seattle contains no language that can be said to be so plain and unambiguous that it takes the power of removal from the appointing officer and vests it in the civil service commission.

The object of the civil service regulations seems to be to provide a system for the selection of capable officers, uninfluenced by mere personal or political consideration. The test of efficiency is usually made by a system of examinations such as the civil service commission of the city of Seattle is authorized to conduct. These examinations relate to intellectual qualifications, and perhaps in some measure to other fitness in the way of personal

character. As the result of the test the commission prepares lists of names of those found to be qualified, and from such lists the appointing officer selects and appoints. The function of the commission seems to be to make the test of fitness, and to that extent it may be said to recommend the appointment of any persons whose names are included in the lists it prepares; but the actual appointment made is made by another. A further function of the commission under the charter of the city of Seattle seems also to be that it shall act as a sort of check upon the appointing officer if he shall seek to make removals based upon mere personal, political, or other insufficient motives. When, therefore, he has filed with the commission his reasons in writing for the removal of any officer, the commission shall proceed to investigate the reasons, and if they are found insufficient the removal shall not be made. Thus the functions of the commission are such that the members thereof are evidently intended to be free from any considerations in connection with either appointments or removals, except those which are purely meritorious. That they may the more fully discharge their duty in that spirit, they are not given the power of either actual appointment or removal. They are authorized to conduct investigations into the conduct of officials, and for that purpose may compel the attendance of witnesses. Under the heading of "Penalties" it is provided in § 29 of art. 16 of the charter, that any officer who has been convicted, after a trial before the commission, of willfully violating any of the provisions of the article, shall be dismissed from the service and shall not be subject to re-appointment. Appellants ask, who shall dismiss such officials, if not the commission? The answer must be that the appointing officer must dismiss, and, if he should decline to

do so, doubtless some remedy could be found to compel him to act. The action of the commission is in the nature of a finding of unfitness, and constitutes a basis for action by the removing power. But the power of removal is not granted to the commission by the mere fact that it may investigate and make findings thereon.

The chief of police, who alone had the power to remove respondent, did not remove him, but declined to do. so after investigating the matter. The civil service commission declared that he was removed by its action. The chief of police acquiesced in the action of the commission to the extent of not assigning respondent to duty, but he did not remove him.

The judgment must therefore be affirmed.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.