[No. 29184. Department Two. January 28, 1944.]

THE STATE OF WASHINGTON *on the Relation of S. F. Price, Appellant,* v. THE CITY OF SEATTLE *et al., Respondents.*[1]

*Geo. H. Crandell,* for appellant.

*A. C. Van Soelen* and *Glen E. Wilson,* for respondents.

MILLARD, J.—S. F. Price, a police officer in the city of Seattle, assigned to duty as one of the jailers in the city jail,

[1]Reported in 145 P. (2d) 286.

was dismissed from office by the chief of police for soliciting and receiving two dollars from a prisoner to effect release of that prisoner from the city jail on bail. On the date of removal of the patrolman from office, the chief of police filed with the civil service commission a written statement of the foregoing reason for the officer's removal. On his appeal to the civil service commission of the city, the commission awarded the accused a full opportunity to be heard. The commission found that, while the matter was not free from doubt, after weighing all the testimony and considering the record before the chief of police, the evidence preponderated in favor of the decision of the chief of police and sustained the order of removal. Patrolman Price has appealed from judgment of dismissal by the superior court upon his refusal to plead further after demurrer had been sustained to his application for certiorari and the alternative writ thereon quashed.

Counsel for appellant contends that, where a police officer is discharged by the chief of police upon a specific charge, as in the case at bar, that charge must be proved to warrant the civil service commission's sustaining of the order of discharge.

Counsel for appellant concedes that, in removing appellant from office, the chief of police complied with Art. 16, § 12, of the charter of the city of Seattle in filing with the civil service commission a notice in writing of the removal with the reasons therefor. The civil service commission granted appellant a full opportunity to be heard, and there was competent evidence which tended to prove the charge made by the chief of police against appellant. The charge given by the chief of police for the discharge of appellant was certainly not a frivolous one.

In *State ex rel. Littau v. Seattle*, 189 Wash. 64, 63 P. (2d) 515, we reviewed our prior decisions in which the rule had been affirmed, and restated, as follows, the principle of law which governs the situation in the instant case:

"When, in a case of removal from office or position within the classified civil service, it appears that the appointing power has filed with the civil service commission a written

statement of the reasons for the removal, upon charges that cannot be said to be utterly frivolous, and when it further appears that the commission has awarded the party charged a full opportunity to be heard, and that competent evidence has been produced tending, in some measure at least, to prove the charges made, the court may not inquire into the weight or sufficiency of the evidence. Its power is confined to the inquiry whether the officers entrusted with the authority to effect removals and discharges have acted within the prescribed rules."

There was a strict compliance with the procedure prescribed by the city charter for removal from office within the classified civil service, and there is nothing from which it can fairly be contended that the action of the civil authorities was arbitrary or capricious.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, GRADY, and MALLERY, JJ., concur.