[No. 36588.   Department One.   September 5, 1963.]

THE STATE OF WASHINGTON, *on the Relation of Joseph A. Perry, Jr., Respondent,* v. THE CITY OF SEATTLE *et al., Appellants.*[*]

*A. C. Van Soelen* and *Jerry F. King,* for appellants.

*Merges, Brain & Hilyer* (*Edwards E. Merges,* of counsel), and *William C. Goodloe,* for respondent.

DAWSON, J.[†]—On September 11, 1961, Joseph A. Perry, Jr., after approximately 20 years of faithful service, was removed by the Seattle chief of police from the Seattle police force. Officer Perry's position had been that of patrolman in the classified civil service. Following his removal, charter procedures culminated in a hearing before the Seattle Civil Service Commission. At its conclusion, the commission orally pronounced that the dismissal of officer Perry was sustained. Formal findings to that effect were entered, and the decision was certified to the chief of police, the appointing officer. Thereafter, a writ of certiorari was directed against the city and the commission.

*Reported in 384 P. (2d) 874.

†Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The trial court reversed the commission, because, stated succinctly, its action, in the court's opinion, was arbitrary and capricious in a legal sense, in that the resultant, consisting of dismissal, loss of income, forfeiture of accumulated pension rights, loss of seniority rights, the ignominy of dismissal, and the disgrace upon his family and himself, was too severe a penalty, and was not commensurate in the premises. The court remanded the cause to the commission and ordered reinstatement of the patrolman. The city and the commission appealed.

For the sake of brevity and clarity, we have, and will continue to refer to the parties as the city, the commission, and the patrolman.

The principal assignment of error poses the following question: Did the commission lawfully exercise its charter function? Because of our disposition of this query, we do not reach appellants' remaining assignments of error.

It is recalled that, historically, the appointing power in municipal service may remove without cause, except as restrained by merit systems, and that, under original civil service concepts, a removal by the appointing power was administrative rather than judicial in essence, and was exercised summarily, without formality. Such act was not a denial of due process, and, by acquiescence, the removal became final. The Seattle charter follows this procedure and does not empower the appointing head to act as both an accuser and judge. On the contrary, under Art. 16, § 12, a removal is conditioned on the filing with the commission, by the department head, of a written statement of the reasons for removal. Further, there is a proviso that, upon demand by the officer or employee removed,

" . . . The commission shall forthwith make such investigation and its finding and decision shall be certified to the appointing officer, and if the removal is not sustained thereby, the officer or employee so removed shall at once be re-instated. . . . "

In the instant case, the stated reasons for removal are:

"Patrolman Joseph A. Perry, Jr. is dismissed from the Seattle Police Department for conduct unbecoming an offi-

cer, for violation of state laws, for conduct likely to bring discredit upon the Seattle Police Department and for the good of the service."

Evidence presented to the commission, if believed, will support the following findings: On two occasions within a 23-day period, the patrolman while off duty, but not in full uniform, was stopped on a public highway by state highway patrolmen for speeding and erratic driving. On one occasion, he had driven his car over the center line of the highway four times, and on the other, in the course of a mile, he had driven over the center line fives times. On the latter occasion, he fell down three times into a roadside ditch while walking from his car to the patrol car. On both occasions, he was affected by intoxicating liquors, and it was not safe for him to drive an automobile.

The commission, as created by the city charter, is an indispensable, independent arm of civil service. Civil service laws of recent extraction sometimes dispense with a commission and make no provision for a hearing. Under this influence, it is sometimes advocated that if a hearing is provided, the examining or reviewing board, on policy grounds, should not substitute its judgment for that of the appointing official.

Be that as it may, the patrolman's rights are entirely dictated by the written provisions of a charter, which has remained substantially in its present form for more than half a century, and can be altered, not by modern theory or philosophy, but by the method of amendment or repeal. In construing this particular provision, and others similar to it, this court has held in numerous cases that a charter investigation, by necessary implication, includes a notice of and a hearing, at which the officer removed be present, be represented by counsel, if desired, and have a full opportunity to be heard. Competent, substantial evidence should be taken, establishing the violation of specific charges, which must not be frivolous, but support just cause for dismissal. *State ex rel. Littau v. Seattle,* 189 Wash. 64, 63 P. (2d) 515; *State ex rel. Price v. Seattle,* 20 Wn. (2d) 17, 145 P. (2d) 286; *Luellen v. Aberdeen,* 20 Wn. (2d) 594, 148

P. (2d) 849; *State ex rel. Schussler v. Matthiesen*, 24 Wn. (2d) 590, 166 P. (2d) 839; *State ex rel. Ashing v. Davis*, 4 Wn. (2d) 454, 104 P. (2d) 335.

Did the commission, then, make an investigation of the nature required by Art. 16, § 12, of the Seattle city charter, and support the same with its findings and decision? In our opinion, it did not, because its proceedings were conducted upon an inherently wrong basis. The following excerpt from its formal findings is illustrative:

"Mr. King has stated what we believe to be the rule as to both the extent and the limit of our authority; namely that we have no power to hire or fire employees, and we do not have the responsibility for the operation of the administrative departments. Those powers and those responsibilities are vested in the department heads. *We can upset the action of the department head in cases of this kind only when such action is arbitrary or capricious. We have not ignored the definitions of those two words submitted by counsel. . . .*" (Italics ours.)

Thus, after a full hearing during which 16 witnesses testified, the commission merely concluded that the dismissal by the chief was not arbitrary and capricious. A mere conclusion to this effect does not satisfy charter requirements, for the very cogent reason that the conclusion made was a limited one, and not on the merits of the issue.

This court has, on numerous occasions distinguished between a hearing on merits and one testing for arbitrary and capricious action. The latter course does not seek the preponderance, but is satisfied by a scintilla.

". . . Competent evidence was produced *tending in some measure at least* to prove the charges made. The court may not inquire into the weight or sufficiency of the evidence. . . ." (Italics ours.) *State ex rel. Ashing v. Davis, supra.*

"In construing various charter provisions, similar to the one set out above, we have held that, if an opportunity was given the employee to be heard, *and if competent evidence supported the charge*, the determination of the tribunal would not be subject to further review. . . ." (Italics ours.) *State ex rel. Schussler v. Matthiesen, supra.*

" . . . And in the absence of a showing . . . or that *no competent evidence was introduced* upon which the findings can rest, the courts cannot interfere. . . ." (Italics ours.) *Ryan v. Everett*, 121 Wash. 342, 209 Pac. 532.

Appellants maintain that in legal effect there was compliance by the commission, but we are mindful of the commission's iteration of the full scope of its intent. We must presume, therefore, that its decision was tainted by the limited concept it conceived of its role. It follows that the patrolman, as a member of classified civil service, was deprived of his right to a hearing on the merits.

For the stated reasons, the judgment is modified and the order reinstating Joseph A. Perry, Jr., to his classified position of patrolman is hereby abrogated with directions that the case be remanded to the Seattle Civil Service Commission for hearing pursuant to Art. 16, § 12, of the city charter. Neither party will recover costs.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.

---

October 24, 1963. Petition for rehearing denied.