[No. 28-40391-3.   Division Three.   November 25, 1969.]

THE CITY OF WENATCHEE, *Respondent,* v. FLOYD E. BERG, *Appellant.*

*W. Gordon Kelley,* for appellant.

*Carlson & Carlson,* for respondent.

GREEN, J.—This is an appeal from an order of the superior court confirming a decision of the Wenatchee Fire Civil Service Commission discharging appellant, Floyd E. Berg.

Mr. Berg had been employed as a fireman by the Wenatchee Fire Department for approximately 20 years. On January 8, 1952, acting Fire Chief T. A. Weaver wrote a letter to Mayor Arthur H. Pohlman of Wenatchee, requesting that Mr. Berg be dismissed, setting forth six grounds for dismissal. Also, the mayor was given a petition signed by 14 of approximately 20 firemen who, likewise, requested Berg's dismissal from the department. As a result of these requests, Mayor Pohlman immediately dismissed Berg. Mr. Berg, thereupon, appealed to the Wenatchee Fire Civil Service Commission requesting a full investigation and public hearing. Mr. Berg and the city of Wenatchee presented detailed evidence at five lengthy hearing sessions of the commission. Thereafter, a decision was rendered approving the mayor's discharge of Mr. Berg.

The letter to Mayor Pohlman alleged six grounds for dismissal, including acts of inefficiency, lack of diligence, inattention to duty, failure to follow orders, and circumstances indicating appropriation of office letters and papers. The grounds relevant to this opinion are:

3. On one occasion, Mr. Berg was overheard telling different people that he no longer was Fire Marshal and that it wouldn't do any good to see the Chief because "he didn't know nuthin'."

. . .

5. As a member of the Wenatchee Fire Department with the rank of fireman, Mr. Berg, has with malice aforethought and injurious intent, constantly berated the Senior Officers of the Department. He has voiced his grievances, not only to the members of the Department, but to the general public as a whole. This type of comment causes the morale of the department to be undermined.

. . .

I [T. A. Weaver] firmly believe that Floyd E. Berg can no longer serve the Fire Department in any capacity due to his attitude and inattention to duty. His constant bickering and quarreling have caused some of his fellow firemen to join me in this petition.

The decision of the Fire Civil Service Commission, in pertinent part, said:

For us to set out at length the evidence as submitted would be rather a monumental task, but the result of the evidence so submitted, as we view it, is as follows:

Mr. Berg, intentionally or unintentionally, did criticize his Senior Officers to the junior firemen and commented on their manner of handling different fires, especially the Wade fire. Mr. Berg admitted that he saw no reason why he should not criticize the acts of his superior officers and the conduct of the department, not only to his fellow firemen but also to the public. He has been a member of the Fire Department for many years and during that time he has been the center of discussion and dissention [sic].

This Board feels very keenly with reference to Mr. Berg's conduct, for he is an intelligent man and one that the Board has had confidence in, and in September, 1950, cheerfully recommended that he be made the Fire Marshal of the City. It was with much regret that in July, 1951, this Commission received the information that the City Commission disapproved the permanent appointment of Mr. Berg as Fire Marshal, — the chief cause of the complaints against Mr. Berg being that he seemed to be unable to contact the public and his fellow officers without creating dissention [sic] and misunderstanding.

In conclusion, based upon the evidence which was received at the five separate hearings on this matter, this Fire Civil Service Commission reluctantly approves the discharge of Floyd E. Berg as a member of the Fire Department of the City of Wenatchee.

A copy of the decision was served upon Mr. Berg on March 18, 1953, and thereafter on March 26, 1953 an appeal from the decision was filed in the Superior Court for Chelan County.

The entire record of the hearings, together with all exhibits presented before the commission, were certified and filed in the superior court. After reviewing the entire record including the extensive briefs filed on behalf of the city of Wenatchee and Mr. Berg and after hearing argument of counsel, Judge Robert T. Hunter, now Chief Justice of the Supreme Court, filed his memorandum opinion on August 1, 1957 affirming the commission. Some 11 years later, after Justice Hunter's elevation to the Supreme Court, Judge

Lawrence Leahy entered findings of fact and conclusions of law on April 24, 1968, as follows:

FINDINGS OF FACT

I

That the court has jurisdiction over the parties to and subject matter of this appeal from a Civil Service Commission Hearing.

II

That the extent that the Court may consider this matter is limited to whether the removal made by the Commission was or was not made in good faith for cause.

III

That this Court does not have jurisdiction to consider the cause de novo.

IV

While this court does not necessarily agree with the decision of the commission there is sufficient testimony, if believed, upon which such decision could be based.

V

That the Court cannot substitute its judgment for that of a Commission vested with the discretionary authority of a fact finding board except to determine if such an abuse exists.

From the foregoing Findings of Fact the court in accordance therewith makes the following:

CONCLUSIONS OF LAW

I

That the decision of the Commission should not be over-ruled.

On April 24, 1968, an order was entered confirming the decision of the Wenatchee Fire Civil Service Commission. This appeal followed, claiming error in the entry of findings of fact II, III, IV and V and the conclusion of law.

■ An appeal from a fire civil service commission decision is governed by the provisions of RCW 41.08.090 which provides in pertinent part, as follows:

> the accused may appeal therefrom to the court of original and unlimited jurisdiction in civil suits of the county wherein he resides . . . [which] shall thereupon proceed to hear and *determine such appeal in a summary manner: Provided, however,* That such hearing shall be confined to the determination of whether the judgment or order of removal, discharge, . . . made by the commission, was or was not made *in good faith for cause,* and no appeal to such court shall be taken except upon such ground or grounds.

(Italics ours.) This language is clearly mandatory and strictly limits the scope of appeal to whether the removal "was or was not made in good faith and for cause." The trial judge, after reviewing the certified record of the commission, in a summary manner determined that the commission's decision confirming Mr. Berg's dismissal was in good faith and for cause and affirmed the dismissal.

RCW 41.08.080 includes, among others, the following grounds for discharge:

> (1) Incompetency, inefficiency or inattention to or dereliction of duty;

> (2) Dishonesty, intemperance, immoral conduct, insubordination, discourteous treatment of the public, or a fellow employee, or any other act of omission or commission tending to injure the public service; or any other wilful failure on the part of the employee to properly conduct himself; or any wilful violation of the provisions of this chapter or the rules and regulations to be adopted hereunder.

> . . .

> (7) Any other act or failure to act which in the judgment of the civil service commissioners is sufficient to show the offender to be an unsuitable and unfit person to be employed in the public service.

RCW 41.08.080(7), cloaks the Civil Service Commission with discretionary powers. Therefore, if the superior court on appeal determines that the Civil Service Commission in good faith and for cause concluded that an employee should be dismissed from the public service, any further inquiry is precluded, except for abuse of discretion. *Cf. State ex rel. Littau v. Seattle,* 189 Wash. 64, 63 P.2d 515 (1937); *State ex*

*rel. Price v. Seattle*, 20 Wn.2d 17, 145 P.2d 286 (1944); *State ex rel. Schussler v. Matthiesen*, 24 Wn.2d 590, 166 P.2d 839 (1946); *State ex rel. Perry v. Seattle*, 69 Wn.2d 816, 420 P.2d 704 (1966).

The following are excerpts of testimony bearing directly upon the determination by the commission and are representative of other testimony contained in the certified record. The request for dismissal signed by the 14 firemen said:

> The reasons for the above request are his uncooperative attitude during actual fire fighting operations and his continued agitation and promotion of dissension among the members of the fire department.

Arthur Fletcher, Fire Marshal for the Wenatchee Fire Department, who had been with the department for 6½ years, testified:

> A. Well, sir, Mr. Berg was constantly talking on the subject of the inefficiency of the senior officers, calling them liars, saying they should be spanked, and various other things, to the members of the department, and just about every time somebody would walk into the station Mr. Berg would get them to one side and narrate on the lack of ability of the officers. Q. To people other than the firemen? A. Oh, yes, sir. . . . A. Yes, and on two occasions I heard him talking to members of other fire departments, trying to stir up a feeling for Berg, on Berg's behalf, against the Wenatchee Fire Department and the officers, which has a tendency to tear down all we have been trying to build up for a good many years. Q. Did it have an effect on the efficiency of the Department? A. Something like that, of course, does have an effect on efficiency. When you tear down the department and divide it into sides, you are going to affect the efficiency.

James L. Avey, who had been a fireman for 11 years, testified:

> Q. Have you, yourself, personally heard him criticising and berating the officers of the department, to yourself and other people? A. Continually. Q. Over how long a period of time? A. Approximately eleven years. Q. He has apparently never been cooperative at any time? A.

Towards the senior officers he has always had an attitude of contempt, in my opinion. Q. What was the effect on the fire department? A. Anything like that will affect them. Mr. Berg is a good talker, and he had part of them talked one way and part the other way, until, gradually, the whole bunch got against him.

R. D. Bowyer, who had been with the fire department for 2½ years, testified:

A. I overheard,—it would be more than several arguments he had with Fred Paul and Assistant Chief Weaver, and I knew it wasn't doing me any good, and I felt that removing him from the department, that the arguments would cease and things would be more harmonious. Q. Did it cause destruction of the morale in the department? A. Yes, it actually did cause that. Q. Since he has been discharged, what has been the condition with regard to morale and harmony? A. Very good.

Captain Glen O. Harris of the fire department testified:

A. I would say since Mr. Berg's removal from the department the morale has improved immeasurably. As I said before, the department has to work as a unit or it doesn't work to capacity, and due to the friction before that time it did not function smoothly, and since then, with very little exception, there has been excellent cooperation all the way through. Q. Would you care to venture what the situation would be if he returned to duty back there? A. I have an idea it would be the same thing, unless he made a complete change in his attitude towards his superior officers.

The record discloses an abundance of other testimony to the same effect. Although Mr. Berg introduced evidence to the contrary, the commission apparently believed the evidence favoring dismissal. A review of the record convinces us their decision was in good faith and for cause. The findings, conclusions and order entered by the trial court were correct.

Judgment is affirmed.

EVANS, C. J., and MUNSON, J., concur.