[No. 2058-1.    Division One.    April 1, 1974.]

HENRY R. DEERING, *Appellant,* v. THE CITY OF SEATTLE *et al., Respondents.*

*Heavey & Picton* and *Bernard J. Heavey, Jr.*, for appellant.

*John P. Harris, Corporation Counsel,* for respondents.

JAMES, J.—Plaintiff, Henry Deering, was a Seattle fireman for approximately 8½ years and had achieved "regular" as distinguished from "probationary" civil service status. He received written notice from the fire chief that, because of charges submitted by his superior officers, a "trial board" "disciplinary" hearing would be conducted pursuant to Seattle fire department regulation 5.04.03 (c). A hearing was held and the trial board recommended that "Deering's employment in the Department should be terminated." Thereafter, the chief, acting in his capacity as the "appointing authority" and pursuant to Seattle civil service rule 12.03, "discharged" Deering by filing "a written statement of the reasons for such discharge with the [civil service] Commission." In response to a "notice" from the commission and pursuant to article 16, section 12 of the city charter and civil service rule 12.04, Deering requested and was granted an "investigation" of the reasons given for his discharge.

The commission concluded that Deering's discharge was justified. Deering filed a petition for writ of mandate in superior court seeking reinstatement and back pay. The trial judge refused to consider Deering's offer of proof concerning the conduct of the trial board hearing. He determined, as a matter of law, that the trial board hearing was "without legal significance, and the manner in which said Fire Department hearing was conducted is not judicially reviewable." Conclusion of law No. 1.

The trial judge confined his consideration to a review of the record of the civil service commission "investigation." He found that Deering was represented by counsel, pre-

sented evidence, and was permitted to cross-examine adverse witnesses. He found that substantial evidence supported the commission's conclusion that Deering's discharge was for "just cause." He concluded that the commission did not act in an arbitrary and capricious manner and denied Deering's petition.

On appeal, Deering's first argument is that "[h]e that takes the procedural sword shall perish with that sword." *Vitarelli v. Seaton,* 359 U.S. 535, 3 L. Ed. 2d 1012, 79 S. Ct. 968 (1959) (Frankfurter, J., concurring in part, dissenting in part). He reasons that while there is no *civil service* provision requiring a trial board disciplinary hearing, the department's own rules make such a hearing mandatory. Deering asserts that the fire department violated both the letter and spirit of its own rule which provides that:

> To insure fair and just treatment of the offender, the Personnel Officer will conduct disciplinary hearings only after accumulating all evidence and in the presence of all witnesses which he and the accused may consider necessary.

Fire department rule 5.04.03(c)(3). He alleges that the trial board's failure to follow its own rules so "tainted" all subsequent proceedings that they were void and his dismissal invalid. He specifically alleges that at the hearing he was "denied [the] right of counsel; denied the right to cross-examine his accusers; and denied the right to call witnesses in his behalf."

Deering cites in support of this argument *Vitarelli v. Seaton, supra; Dillon v. Lapeer State Home & Training School,* 364 Mich. 1, 110 N.W.2d 588 (1961); and *Brininstool v. New Mexico State Bd. of Educ.,* 81 N.M. 319, 466 P.2d 885 (1970). But in none of these cases was a de novo hearing available to the discharged employee. Moreover, *Dillon* and *Brininstool* both involve hearings *required* by statute.

In response, the defendants cite *McTiernan v. Gronouski,* 337 F.2d 31 (2d Cir. 1964), in which a postal employee sought reinstatement. The employee argued that

during the investigation which preceded his dismissal, the post office violated a postal manual regulation requiring disclosure of evidence. The court observed that the employee requested and received a de novo civil service commission hearing and that prior to that hearing the employee received notice of the evidence against him. The opinion concluded that

> any error which may have clouded the earlier proceedings because of this non-disclosure has been cured, and appellant cannot now rely on that non-disclosure in pressing his efforts to have his dismissal overturned. Green v. Baugham, 100 U.S.App.D.C. 187, 243 F.2d 610 (D.C.Cir.), cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35 (1957).

(Footnote omitted.) *McTiernan v. Gronouski, supra* at 35. Similarly, under Seattle's city charter the civil service commission is also required to give a de novo hearing and exercise its independent judgment. *State ex rel. Perry v. Seattle,* 69 Wn.2d 816, 420 P.2d 704 (1966). We find the reasoning of *McTiernan* persuasive.

Deering makes the related argument that the trial board hearing was constitutionally defective in failing to provide procedural due process. We will assume that Deering's status as a civil service employee is a constitutionally protected "property" right,[1] cf. *Helland v. King County Civil Service Comm'n,* 10 Wn. App. 683, 685 n.1, 519 P.2d 258 (1974), and that he may not be deprived of that right without due process of law.

For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Baldwin* v. *Hale,* 68 U. S. 223, 233 [17 L. Ed 531 (1863)]. See *Windsor* v. *McVeigh,* 93 U. S. 274 [23 L. Ed.

---

[1]Deering also claims that the charges developed at the trial board hearing "branded" him "for life with false accusations" of cowardice. Arguably, such an assault upon reputation could be a deprivation of an individual's constitutionally protected "property" or "liberty." *See Board of Regents v. Roth,* 408 U.S. 564, 573, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972).

914 (1876)]; *Hovey* v. *Elliott,* 167 U. S. 409 [42 L. Ed. 215, 17 S. Ct. 841 (1897)]; *Grannis* v. *Ordean,* 234 U. S. 385 [58 L. Ed. 1363, 34 S. Ct. 779 (1914)]. It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Armstrong* v. *Manzo,* 380 U. S. 545, 552 [14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965)].

*Fuentes* v. *Shevin,* 407 U.S. 67, 80, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972).

Though Deering strenuously argues that the trial board hearing contaminated the commission hearing, neither in his briefs on appeal nor in his oral argument has he been able to explain any way in which the commission hearing was affected. The record discloses that the commission refused to consider any evidence concerning the substance or conduct of the trial board hearing. The trial board's only function was to investigate the charges against Deering and to make a disciplinary "recommendation" to the fire chief. Therefore, Deering suffered no "deprivation" as a consequence of that hearing. His deprivation occurred when he was discharged by the fire chief.

Although the appropriate charter and civil service provisions speak of "removal" and "discharge" of a civil service employee by the "appointing authority," it is clear that, as provided by civil service rule 12.03,

> [a] regular employee may be discharged from the City service *only* upon the filing by the appointing authority of a written statement of the reasons for such discharge with the Commission;

(Italics ours.) and that thereafter, as provided by article 16, section 12 of the city charter and civil service rule 12.04, the final decision shall be made by the commission. After an employee's demand for an "investigation," his "discharge" becomes at most a temporary "suspension" and the "reasons" assigned by the chief for his dismissal become merely charges which the department must prove to the satisfaction of the commission in a de novo proceeding.

Deering has not questioned the *timeliness* of the commis-

sion hearing by contending that a hearing should have preceded his "suspension," *cf. Kennedy v. Sanchez,* 349 F. Supp. 863 (N.D. Ill. 1972), *prob. juris. noted, sub nom., Phillips v. Kennedy,* 411 U.S. 915, 36 L. Ed. 2d 306, 93 S. Ct. 1549 (1973), and we do not reach this question. Neither does Deering assert that he was denied due process at the commission hearing. Because Deering was afforded a due process hearing at a "meaningful time and in a meaningful manner," due process was not required at the trial board hearing.

Deering next argues that the commission considered new and different charges from those submitted to it. Among the "reasons" assigned for his discharge were the following:

1. Incompetency and inefficiency in the performance of his duties;
2. Failure to acquire satisfactory knowledge of required Fire Department subjects and to develop the skills required of individual firemen;
. . .
4. Insubordination and failure to comply with the orders and directions of his superiors.

Deering argues that two of the commission's "findings" were not included in the "reasons" and that therefore the commission based its decision on charges which were not submitted to it. The challenged parts of the "findings" are as follows:

That in fighting a fire at the house of the Good Shepherd in August, 1967, Henry R. Deering failed to willingly and efficiently perform his duties.
. . . that [Deering] had failed to work a hydrant properly when fighting a fire, which may have contributed to property loss, . . .

Deering's fundamental right to "notice" required that the commission's inquiry be limited to an investigation of the "reasons" given for discharge. *Fuentes v. Shevin, supra.* However, if the notice given is reasonably calculated to inform as to the nature and substance of the charges, it is constitutionally adequate. *Mullane v. Central Hanover*

*Bank & Trust Co.,* 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). A generally described "reason" for discharge may be established by proof of specific acts of misconduct. *Cf. State ex rel. Perry v. Seattle,* 62 Wn.2d 891, 384 P.2d 874 (1963); *State ex rel. Perry v. Seattle,* 69 Wn.2d 816, 420 P.2d 704 (1966).

Here, the challenged findings clearly support the given "reasons." The failure to "willingly and efficiently" perform his duties supports the charges of "inefficiency" and "failure to comply with the orders and directions of his superiors." The failure "to work a hydrant properly" supports the charges of "incompetency and inefficiency" and "failure to acquire satisfactory knowledge." Deering makes no claim that he was surprised by testimony concerning these incidents or that he requested additional time to refute the department's evidence. Nor does he claim that the "reasons" given were too general to give him constitutionally adequate notice. Under these circumstances, we see no error.

■ Finally, Deering argues that the commission's findings and conclusion are not supported by substantial evidence and should be reversed. Our review of the record discloses substantial evidence to support the findings and conclusion and therefore we may not disturb them. *State ex rel. Perry v. Seattle,* 69 Wn.2d 816, 420 P.2d 704 (1966).

Affirmed.

FARRIS and WILLIAMS, JJ., concur.

Petition for rehearing denied May 13, 1974.

Review denied by Supreme Court July 30, 1974.