[No. 4657–II.   Division Two.   January 14, 1982.]

*In the Matter of* LEON C. SMITH.

*Byron E. McClanahan, Prosecuting Attorney,* and *Richard C. Adamson, Deputy,* for appellant.

*Benjamin H. Settle* and *B. Franklin Heuston,* for respondent.

REED, C.J.—The pivotal issue presented by this appeal is whether RCW 41.14.120[1] empowers a civil service commis-

---

[1]RCW 41.14.120 states in relevant part:

"Removal, suspension, demotion—Procedure—Appeal. No person in the classified civil service who has been permanently appointed or inducted into civil service under provisions of this chapter, shall be removed, suspended, or demoted

sion to uphold the discharge of a deputy for reasons other than those advanced by the sheriff. We hold that it does not.

While off duty on June 8, 1979, Mason County Deputy Sheriff Leon C. Smith was driving southbound on Interstate 5 in his personal vehicle accompanied by his wife. Smith was wearing a pistol secured in a shoulder holster which was fastened against his left side. Because Smith had removed his jacket, the weapon was visible. Approaching Tumwater, a pickup truck tailgated Smith's car, then passed and slowed down in front of him. The events which followed are in dispute. Smith contends that he drove up on the right side of the truck and flashed a badge draped over his index finger. The occupants of the truck claim Smith pointed his pistol at them.

After an internal affairs investigation, Sheriff Fred Phar-

---

except for cause, and only upon written accusation of the appointing power or any citizen or taxpayer; a written statement of which accusation, in general terms, shall be served upon the accused, and a duplicate filed with the commission. Any person so removed, suspended, or demoted may within ten days from the time of his removal, suspension, or demotion, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. The investigation shall be confined to the determination of the question of whether the removal, suspension, or demotion was made in good faith for cause. After such investigation the commission may affirm the removal, or if it finds that removal, suspension, or demotion was not made in good faith for cause, shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, or demoted, which reinstatement shall, if the commission so provides, be retroactive, and entitle such person to pay or compensation from the time of the removal, suspension, or demotion. The commission upon such investigation, in lieu of affirming a removal, may modify the order by directing the suspension without pay, for a given period, and subsequent restoration to duty, or demotion in classification, grade, or pay. The findings of the commission shall be certified, in writing to the appointing power, and shall be forthwith enforced by such officer.

". . . If order of removal, suspension, or demotion is concurred in by the commission or a majority thereof, the accused may appeal therefrom to the superior court of the county wherein he resides. . . . The court shall thereupon proceed to hear and determine the appeal in a summary manner. Such hearing shall be confined to the determination of whether the order of removal, suspension, or demotion made by the commission, was or was not made in good faith for cause, and no appeal shall be taken except upon such ground or grounds. The decision of the superior court may be appealed to the supreme court or the court of appeals."

ris discharged Smith. In a letter to Smith and in testimony before the Mason County Civil Service Commission (Commission), Sheriff Pharris advanced, in essence, two reasons for this action. First, the occupants of the other vehicle submitted to a psychological stress evaluation test (PSE) which indicated that their allegations concerning the gun were truthful. Smith initially refused to take a PSE; thus, Pharris concluded Smith was lying. Second, Smith reputedly was to be charged with a felony, second degree assault.[2]

Smith appealed his dismissal to the Commission. Its investigation of the circumstances surrounding Smith's discharge revealed that Smith had in fact offered to take a PSE provided it was administered by a clinical psychologist. Further, the Commission considered the results of a polygraph test which indicated Smith was telling the truth. In its findings of fact the Commission acknowledged the conflict in the testimony and test results. Significantly, it made no finding that Smith had in fact pointed a pistol at the occupants of the truck. Rather, the Commission concluded that *either* pointing a gun or showing off a badge was an act of intimidation justifying Smith's dismissal. Judge Henry of the Mason County Superior Court reversed the Commission and ordered Smith reinstated. The trial court concluded the Commission exceeded the scope of its authority when it advanced alternative grounds for Smith's removal, a conclusion to which the Commission assigns error.

The Commission has pinpointed the decisive issue. The scope of the Commission's authority is critical because we are unable to discern from the record to what extent the Commission depended upon its alternative holding.[3] This

---

[2]Smith later pleaded guilty to a misdemeanor charge which did not involve the pointing of a firearm.

[3]The Commission acknowledged the conflicting state of the evidence in its findings of fact. Further, it made no finding that Smith had pointed a gun or had

is significant because the sheriff did not rely upon Smith's act of flashing a badge as a ground for dismissal. Whether this would constitute an adequate ground is not the question before us. The question is whether the Commission is empowered to set forth its own reasons for discharging an employee.[4]

The Commission construes RCW 41.14.120 as permitting the civil service commission to conduct a de novo hearing into the facts and circumstances surrounding the discharge of a civil service employee and make its own determination whether the employee should be terminated. This determination, the Commission argues, may be based on the reasons for dismissal advanced by the sheriff or upon reasons uncovered by the Commission during its own investigation of the sheriff's charges. The Commission claims support for this construction in *Deering v. Seattle,* 10 Wn. App. 832, 520 P.2d 638 (1974). In *Deering* a fire chief submitted generalized reasons, such as "incompetency" and "insubordination" to the civil service commission for the discharge of an employee. The commission's investigation revealed specific instances of misconduct that substantiated these charges. The commission's findings were challenged on appeal as being beyond the scope of the fire chief's original charges. The *Deering* court held that "[a] generally described 'reason' for discharge may be established by proof of specific acts of misconduct." *Deering,* 10 Wn. App. at 838. We find scant support in this holding for the Commission's contention that it is free to sift through collateral matters relating to the sheriff's charges to find its own reasons for discharging an employee.

■ Next, the Commission urges us to read RCW 41.14-.120 in light of RCW 41.14.060(3), a section which grants the Commission broad investigatory power. This power, the

---

lied. We therefore suspect that the displaying of the badge was of substantial significance to the Commission.

[4]Error is also assigned to the trial court's scope of review of the Commission's ruling. In light of our resolution of the principal issue, review of this assignment of error is unnecessary.

Commission argues, impliedly authorizes it to seek alternative grounds for terminating an employee. Rather than compelling this result, we feel the general statute should be read in light of the more specific statute. *See Pearce v. G.R. Kirk Co.,* 22 Wn. App. 323, 589 P.2d 302 (1979). Thus, we read RCW 41.14.120 as limiting the grant of investigatory power in RCW 41.14.060(3). Finally, we believe our review of the Commission's argument would be incomplete if we failed to respond to *Wenatchee v. Berg,* 1 Wn. App. 354, 461 P.2d 563 (1969), wherein Division Three of this court construed an analogous statute concerning firemen, RCW 41.08.090. In *Wenatchee,* the discharge of a fireman by the mayor (appointing power) was upheld by the civil service commission. At issue was the sufficiency of the reasons given by the mayor, and later upheld by the commission, for this action. The court reasoned that RCW 41.08.080(7) cloaked the civil service commission with discretionary power to determine what constitutes adequate cause for dismissal. RCW 41.08.080 is the identical counterpart to RCW 41.14.110 (sheriff's office context). Both statutes list grounds for dismissal, including

(7) Any other act or failure to act which in the judgment of the civil service commission is sufficient to show the offender to be an unsuitable and unfit person to be employed in the public service.

Although the Commission is vested with discretionary power to determine whether the charges brought by the appointing power are sufficient grounds for dismissal, the exercise of this power is confined to the content of those charges. Significantly, the civil service commission in *Wenatchee* limited its inquiry to the charges brought by the mayor. Thus, we believe *Wenatchee* is consistent with out construction of RCW 41.14.120.

■ Construction of RCW 41.14.120 is difficult if the inquiry is limited to the four corners of the statute. Fortunately, the relationship of the civil service commission vis-a-vis the appointing power has been explored in an early well reasoned opinion. In *Easson v. Seattle,* 32 Wash. 405,

73 P. 496 (1903), an employee of the Seattle Police Department was charged with misconduct. These charges were investigated by the civil service commission after the chief of police found there existed insufficient grounds for dismissal. The civil service commission ordered the employee discharged. The *Easson* court held the commission's action to be without effect because the power of removal resides exclusively in the appointing power unless statutory language clearly provides otherwise. The court reasoned that the role of the civil service commission was merely to investigate the reasons given by the appointing power for dismissal. In this regard the court stated:

> The function of the commission seems to be to make the test of fitness, and to that extent it may be said to recommend the appointment of any persons whose names are included in the lists it prepares; but the actual appointment made is made by another. A further function of the commission under the charter of the city of Seattle seems also to be that it shall act as a sort of check upon the appointing officer if he shall seek to make removals based upon mere personal, political, or other insufficient motives. When, therefore, he has filed with the commission his reasons in writing for the removal of any officer, the commission shall proceed to investigate the reasons, and if they are found insufficient the removal shall not be made. Thus the functions of the commission are such that the members thereof are evidently intended to be free from any considerations in connection with either appointments or removals, except those which are purely meritorious. That they may the more fully discharge their duty in that spirit, they are not given the power of either actual appointment or removal.

*Id.* at 413. We believe that the reasoning in *Easson* is in accord with the spirit of the present statute. Therefore, we hold that a civil service commission operating pursuant to RCW 41.14.120 must confine its inquiry to those reasons set forth by the appointing power. It may investigate those reasons but it may not substitute reasons of its own, as it

did here. The trial court correctly held this action to be ultra vires.

Affirmed.

PEARSON and PETRIE, JJ., concur.

Reconsideration denied February 23, 1982.