[No. 5312-1–III. Division Three. March 8, 1984.]

DANIEL G. POOL, *Appellant,* v. THE CITY OF OMAK, *Respondent.*

*R. J. Sloan, Jr.,* and *Hancock, Rawson & Sloan, Inc., P.S.,* for appellant.

*Michael D. Howe, City Attorney,* for respondent.

MUNSON, C.J.—Daniel G. Pool appeals from a Superior Court order remanding the case to the Omak Civil Service Commission for further hearing. He contends: (1) the court should have reversed, not remanded; (2) the court should have held the commission action to be arbitrary and capricious; and (3) his notice of withdrawal of his appeal to the commission, served after the Superior Court decision but before the commission hearing reconvened, was timely. Finding no error, we affirm.

Pool was an Omak police officer who was disciplined for spraying mace about the head of a handcuffed arrestee who was seated in the rear of a patrol car. The arrestee required medical treatment for chemical burns of his face and eyes. Pool was the "senior patrol officer" and acted in the presence of two "junior" officers. The police chief suspended Pool for 5 days and placed a written reprimand in his personnel file.

Pool appealed to the Omak Civil Service Commission. He did not contest the facts, but alleged the force used was reasonable. The commission, believing the chief's action was unduly light, demoted Pool to probationary/training status for 1 year.

Pool subsequently learned the commission requested and received information from the police chief after the commission hearing had closed. While the parties had stipulated certain documents could be furnished, the police chief's 3-page letter with attachments exceeded the stipu-

lation. On appeal, the Superior Court held Pool was denied the opportunity to cross–examine the police chief concerning these materials. It remanded the case for further hearing.

The day after the court's opinion and order were signed, Pool served the commission with a notice of withdrawal of his appeal. Counsel for Pool appeared at the hearing on remand only to state that Pool's withdrawal had the effect of reinstating the chief's 5–day suspension and reprimand; therefore, there was no issue before the commission. He then departed. The commission proceeded, believing Pool had waived his right to cross–examine the police chief. The commission reinstated its original ruling of a 1–year demotion. Pool appeals, not from this second hearing, but from the trial court's order of remand.

█ Pool first contends RCW 34.04.130(6), the administrative procedure act (APA), requires reversal and reinstatement, not remand. It provides:

The court *may affirm* the decision of the agency *or remand* the case for further proceedings; *or it may reverse* the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) in violation of constitutional provisions; or
(b) in excess of the statutory authority or jurisdiction of the agency; or
(c) made upon unlawful procedure; or
(d) affected by other error of law; or
(e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or
(f) arbitrary or capricious.

(Italics ours.) Assuming arguendo the APA applies,[1] the

---

[1]The APA judicial review provisions were enacted after the statute governing city police, RCW 41.12.090. *See* RCW 34.04.130(1); *Spokane Cy. Fire Protec. Dist. 9 v. Spokane Cy. Boundary Review Bd.,* 97 Wn.2d 922, 652 P.2d 1356 (1982); *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106, 74 L. Ed. 2d 954, 103 S. Ct. 730 (1983) (APA review applies despite existence of previously enacted statutory procedures). We need not decide whether the APA applies to review of a civil service commission action.

trial court has discretion to reverse or remand under the plain language of the statute.

Pool cites *State ex rel. Gunstone v. State Hwy. Comm'n,* 72 Wn.2d 673, 434 P.2d 734 (1967) and *Nirk v. Kent Civil Serv. Comm'n,* 30 Wn. App. 214, 633 P.2d 118 (1981) to support his argument. Remand was upheld in both cases. Reversal and reinstatement were upheld in *In re Smith,* 30 Wn. App. 943, 639 P.2d 779 (1982); inferentially, reversal versus remand was not an issue there.

The trial court here found Pool was deprived of his right to cross-examine the police chief regarding matters submitted after the public hearing and outside the parties' stipulation. It agreed with the City that the macing incident was outrageous and that justice would not be served by reversal. The trial court is granted discretion to reverse or remand under the plain language of RCW 34.04.130(6). This discretion was not abused.

Pool next contends the trial court should have held the commission acted arbitrarily and capriciously. But even if we were to hold the commission was arbitrary and capricious, remand would be proper under RCW 34.04.130(6).

█ Pool implies the commission had no authority to impose a harsher penalty than that given by the police chief. RCW 41.12.090 provides in pertinent part:

> The commission . . . [in] lieu of affirming the removal, suspension, demotion or discharge *may modify* the order of removal, suspension, demotion or discharge by directing a suspension, without pay, for a given period, and subsequent restoration to duty, or demotion in classification, grade, or pay; . . .

(Italics ours.) The statute does not define "modify". That term is defined in Black's Law Dictionary 905 (5th rev. ed. 1979):

> To alter; to change in incidental or subordinate features; enlarge, extend; amend; limit, reduce. Such alteration or change may be characterized, in quantitative sense, as either an increase or decrease. Johnson v. Three Bays Properties No. 2, Inc., Fla. App., 159 So.2d 924, 926 [1964].

*Webster's Third New International Dictionary* 1452 (1966) likewise defines "modify" to include "limit" as well as "basic or important change".

Furthermore, an agency's interpretation of a statute is to be given great weight. *State ex rel. Swartout v. Civil Serv. Comm'n,* 25 Wn. App. 174, 605 P.2d 796, *review denied,* 93 Wn.2d 1021, *cert. denied,* 449 U.S. 992, 66 L. Ed. 2d 288, 101 S. Ct. 527 (1980). Therefore, imposition of a stricter penalty would not necessarily be arbitrary and capricious, nor do we find it to be.

Lastly, Pool contends he timely withdrew his appeal to the commission. He urges us to analogize to CR 41(a)(1)(ii),[2] claiming he had not yet "rested" within the meaning of that rule. He contends his notice of withdrawal reinstated the chief's letter of reprimand and 5–day suspension and deprived the commission of jurisdiction.

█ The first hearing and appeal had been completed when Pool filed his notice of withdrawal. Pool had concluded his opening case long before the notice of withdrawal was filed. We hold withdrawal any time after the conclusion of the first hearing was not timely. A litigant may not appeal to an administrative tribunal, then further appeal to the superior court, and expect recognition by us of the withdrawal if the outcome is adverse to him.

The City requests costs and attorney fees. The City is responsible for the court reporter's attendance fee for the civil service hearings. *Benavides v. Civil Serv. Comm'n,* 26 Wn. App. 531, 613 P.2d 807 (1980). It is likewise responsible for its attorney fees for the commission proceedings and for the Superior Court proceedings. *Punton v. Seattle Pub. Safety Comm'n,* 32 Wn. App. 959, 650 P.2d 1138 (1982). The City did not prevail in the Superior Court; therefore, it is not entitled to recover costs for that proceeding. *Bena-*

---

[2] "(a) **Voluntary Dismissal.**

"(1) *Mandatory.* Subject to the provisions of rules 23(e) and 23.1, any action shall be dismissed by the court: . . . .

"(ii) By plaintiff before resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case."

*vides v. Civil Serv. Comm'n, supra.* The City is entitled to costs for this appeal pursuant to RAP 14.2, but no applicable law allows recovery of its attorney fees. *See* RAP 14.3(a).

Affirmed.

McINTURFF and THOMPSON, JJ., concur.