213 So.2d 716 (1968)
In re ADVISORY OPINION TO THE GOVERNOR.
No. 37771.
Supreme Court of Florida.
August 27, 1968.
*717 PER CURIAM.
Honorable Claude R. Kirk, Jr.
Governor of Florida
The Capitol
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your communication of August 12th, 1968, requesting our advice pursuant to Section 13, Article IV, Constitution of Florida, F.S.A., relating to certain executive powers and duties.
Omitting the formal parts, your letter reads as follows: "Pursuant to the provisions of Section 13 of Article IV, Florida Constitution, the Governor is authorized to request the opinion of the Justices of the Supreme Court as to the interpretation of any portion of the Constitution upon any question affecting the Governor's executive powers and duties.
"According to the provisions of Section 15, Article IV, Florida Constitution, the Governor is authorized to suspend any officer, appointed or elected, who is not liable to impeachment for any of the grounds set forth in said Section 15.
"Recently, I appointed a Select Commission to review the allegations and reports concerning the conduct of Criminal Court Judge Carling Stedman; and to report the results of their review to me at which time I would then determine whether the provisions of Section 15 could be properly invoked. However, there is a serious question concerning the permissible scope and extent of this review in light of Section 15 and in view of Article II of the Constitution relating to the separation of powers doctrine. It is necessary to ascertain whether the Governor by and through his Commission has the power and authority to review the judicial accuracy and propriety of a judge and to thereupon suspend him and if it does not appear that the judge has exercised proper judicial discretion and wisdom.
"The Attorney General recently advised that a Judge of the Criminal Court of Dade County is an officer within the meaning of Article IV, Section 15. The point necessitating clarification is not whether the judge in question is an `officer' within the meaning of Section 15, but rather if the Governor, as a member of the Executive Branch of Government would be exercising a power appertaining to the Judicial Department if he undertook to review the judicial accuracy and propriety of a judge's decisions.
"It is therefore necessary to receive a clarification of my executive authority under the provision of Section 15, Article IV and Article II of the Florida Constitution in order to ascertain not only the scope of the Commissions future actions acting on behalf of the Governor, but additionally the power possessed by the Governor with regard to reviewing the judicial discretion and wisdom of the judiciary in light of Section 15.

*718 "Your opinion in this matter would be most helpful and an early reply greatly appreciated.
 Sincerely,
 CLAUDE R. KIRK, JR.,
 Governor."
The question is within the limits of our constitutional authority to answer.
Your inquiry relates to your constitutional authority to review the judicial accuracy and propriety of a Judge of the Criminal Court of Record of Dade County, Florida, and to suspend him from office if it does not appear to you that the Judge has exercised proper judicial discretion and wisdom.
Section 15 of Article IV, Constitution of Florida, provides:
"Section 15. Removal or suspension of officers.  All officers that shall have been appointed or elected, and that are not liable to impeachment, may be suspended from office by the Governor for malfeasance, or misfeasance, or neglect of duty in office, for the commission of any felony, or for drunkenness or incompetency, and the cause of suspension shall be communicated to the officer suspended and to the Senate at its next session. * * *"
A Criminal Court of Record Judge is not subject to impeachment. See Section 29, Article III and Section 17(3), Article V, Florida Constitution. He is, however, an officer and subject to the provisions of Section 15, Article IV, supra. We glean from your letter that we are not here concerned with malfeasance, misfeasance, neglect of duty in office, commission of a felony or drunkenness, as grounds for suspension, but that you are presently concerned with the ground of "incompetency."
In State ex rel. Hardie v. Coleman, 115 Fla. 119, 155 So. 129, 92 A.L.R. 988, this Court said:
"Incompetency as a ground for suspension and removal has reference to any physical, moral, or intellectual quality, the lack of which incapacitates one to perform the duties of his office. Incompetency may arise from gross ignorance of official duties or gross carelessness in the discharge of them. It may also arise from lack of judgment and discretion or from a serious physical or mental defect not present at the time of election, though we do not imply that all physical and mental defects so arising would give ground for suspension."
But there the suspension involved a sheriff who is a part of the executive branch of the State Government and further, the charge of incompetency was buttressed by several other charges involving different and more serious grounds. By way of caveat we point out that the Hardie decision was thirty-six years ago and a majority of the present Justices have expressed an interest in a reexamination of the definition of such incompetency as it relates to officers of the Executive Branch also, if and when the question is properly before us.
But we are here concerned with the power of the Chief Executive to remove for incompetency a member of the Judicial Branch for judicial labor apparently unsatisfactory to some segment of the populace.
Article II, Constitution of Florida, provides:
"The powers of the government of the State shall be divided into three departments: Legislative, Executive, and Judicial. No person properly belonging to one of these departments shall exercise any powers appertaining to either of the other departments, except in cases expressly provided by this constitution."
From 16 C.J.S. Constitutional Law § 104, page 483, under the title "Separation of Powers" we read:
"The separation of governmental powers into legislative, executive, and judicial is provided for by constitutional provision, and it is an established and *719 fundamental principle that one department cannot interfere with, or encroach on, either of the other departments, except in cases expressly provided for.
"The separation of governmental powers into legislative, executive, and judicial is provided for in practically all the American state constitutions, and such provisions in theory, effect an absolute separation of these departments. Indeed, constitutional government in the United States is distinguished by the care that has been exercised in committing the legislative, executive, and judicial functions to separate departments, and in forbidding any encroachment by one department on another in exercise of the authority so delegated. The primary purpose of such provisions is to prevent the combination in the hands of a single person or group of the basic or fundamental powers of government, that is, to protect the governed from arbitrary oppressive acts on the part of those in political authority."
And from the equally respected American Jurisprudence, Vol. 16, page 461 we read:
"§ 219. Generally.

"The power to maintain a judicial department is an incident to the sovereignty of each state. Under the doctrine of the separation of powers of government, judicial power, as distinguished from executive and legislative power, is vested in the courts as a separate magistracy.
* * * * * *
"When a court is created, the judicial power is conferred by the constitution, and not by the act creating the court. It was said at an early period in American law that the judicial power in every well-organized government ought to be coextensive with the legislative power so far, at least, as private rights are to be enforced by judicial proceedings. The rule is now well settled that under the various state governments, the constitution confers on the judicial department all the authority necessary to exercise powers as a coordinate department of the government. Moreover, the independence of the judiciary is the means provided for maintaining the supremacy of the constitution.
"In a general way the courts possess the entire body of judicial power. The other departments cannot, as a general rule, properly assume to exercise any part of this power, nor can the constitutional courts be hampered or limited in the discharge of their functions by either of the other two branches."
However, we realize that Section 15, Article IV, gives the Governor the power to suspend all officers not subject to impeachment for the reasons stated therein.
From 48 C.J.S. Judges § 27, page 976, in discussing the grounds for removing judges, we read:
"Erroneous decision. While a judicial determination or mistake based merely on errors of judgment, and without corrupt or improper motives, will not supply a ground for removal, and this may be true although such errors are numerous, a judicial act based on improper motives, and not on the desire to do justice or properly to perform the duties of the office, may be sufficient ground for removal, even though there is only a single such act * * *"
In State ex rel. Brickell v. Martin, 180 Ala. 458, 61 So. 491, text at 494, the Supreme Court of Alabama said:
"`Incompetency' in this relation, was considered by this court in State ex rel. v. Lowe (in manuscript), Justice Sharpe writing the opinion. It was delivered February 5, 1903. It was then pertinently said: `Incompetency is by the Constitution and statutes of this state mentioned as a distinct ground for impeachment of public officers, including solicitors, and therein the term stands without qualification, except such as may be implied from the connection in which *720 it is used and the apparent object of its use. It is safe to assume that neither of the other grounds of impeachment is intended to cover or to be necessarily coupled with this one, and therefore it tors, and therein the term stands withmay be further assumed that the disqualification at which it is aimed may exist independent of any willful neglect of duty, corruption in office, intemperance, or criminality. The exclusion of those other grounds leaves the term `incompetency' little, if anything, to stand for other than mere incapacity for the performance of duties devolved by law on the official in respect of the particular office he fills. * * *"
Vol. 20A Words and Phrases, Permanent Edition, Incompetent, at page 314, says:
"`Incompetency' as a ground for suspension or removal of an officer must be one which has arisen since and did not exist at time of the election of the officer sought to be removed or suspended, and the defect under which the officer is laboring must be one that has made him unfit or unable to continue to hold the office since the time he has assumed the discharge of his duties." (Italics supplied.)
Article V, Constitution of Florida, provides a method of appellate review for the benefit of litigants aggrieved by the decisions of Criminal Court of Record Judges. Appeal is the exclusive remedy and the purely judicial acts of such judges are not subject to review as to their accuracy by the Governor. The Select Commission appointed by you has no official status except to assist and advise you in gleaning the facts.
Accordingly, it is our opinion and we advise that you do not possess the power under the Florida Constitution to review the judicial discretion and wisdom of a Criminal Court of Record Judge while he is engaged in the judicial process.
However, if the physical or mental incompetency is established and determined within the Judicial Branch by a court of competent jurisdiction, the Governor may use such judicial determination as a basis for suspension on the ground of incompetency.
 Respectfully,
 MILLARD F. CALDWELL,
 Chief Justice
 ELWYN THOMAS
 B.K. ROBERTS
 E. HARRIS DREW
 RICHARD W. ERVIN
 WADE L. HOPPING,
 Justices.