[No. 2408-1.    Division One.    March 24, 1975.]

JAMES A. EIDEN, *Respondent*, v. SNOHOMISH COUNTY CIVIL SERVICE COMMISSION, *Appellant.*

*Robert E. Schillberg, Prosecuting Attorney*, and *Eugene Butler, Deputy*, for appellant.

*MacDonald, Hoague & Bayless* and *Harold H. Green*, for respondent.

SWANSON, J.—The Snohomish County Civil Service Commission appeals from a judgment setting aside the commission's order suspending and demoting the respondent James A. Eiden, a deputy sheriff, and ordering the commission to reinstate Eiden with full back pay and other benefits.

The unchallenged findings of fact establish that Eiden has been employed by the Snohomish County Sheriff's Department since April 10, 1961. Prior to July 8, 1971, Eiden was a deputy sheriff with the rank of sergeant. On the afternoon of July 4, 1971, Eiden was on duty as shift commander in the complaint and dispatching office of the sheriff's department along with the desk sergeant and Deputy Sheriff Korhonen. During a conversation with Korhonen, who was standing beside him, Eiden answered an incoming telephone call, stating "1653, Sheriff's Office, Deputy Korhonen speaking." In this connection the undisputed finding of fact No. 2 states in part:

> [Eiden] stated that his use of Deputy Korhonen's name was a joke or a slip of the tongue. Neither [Eiden] nor Deputy Korhonen paid any attention to the occurrence or gave it any further thought. No complaint was ever made to the Sheriff's office regarding the occurrence, and there is no evidence in the record that any embarrassment or prejudice or adverse effects of any kind resulted from the occurrence.

Subsequently, Eiden's use of Korhonen's name came to the attention of Sheriff Donald F. Jennings who directed Undersheriff Don Fisher to determine whether Eiden could give a satisfactory explanation of the incident and, if he could not, to suspend him for not less than 5 days, or to impose such other punishment as Fisher deemed appropriate.[1] On July 8, 1971, Fisher discharged Eiden.[2]

---

[1]Finding of fact No. 4 states: "All telephone calls coming into the complaint and dispatching office are, as a matter of regular office procedure, recorded on tape. On July 6, 1971, Captain Charles Fisher was reviewing the tape of July 4, 1971, and he called in Sheriff Donald F. Jennings to listen to the recording of appellant answering the telephone. On July 6, 1971, Sheriff Jennings was preparing to leave for an extended vacation, and he called in Undersheriff Don Fisher for the purpose of discussing a number of matters prior to the Sheriff's depar-

Thereafter, acting pursuant to RCW 41.14.120, Eiden timely appealed his discharge to the Snohomish County Civil Service Commission.[3] Finding of fact No. 8 states in part:

Following a hearing held on August 28, 1971, the Civil Service Commission rendered the following decision on the same date:
After study of all testimony given at the hearing, a motion was made, seconded, and carried unanimously that it is the determination of the Civil Service Commission, based upon evidence presented at the Investigation and Hearing held August 28, 1971, that the discharge of James A. Eiden is not approved. That it is further determined that said James A. Eiden be reduced in grade to the rank of First Class Deputy and that he be returned to duty in that rank On September 8, 1971, with loss of pay for the interim period, and that the Chairman and Secretary be authorized and directed to so certify to the Sheriff and to Mr. Eiden.
The Commission made no findings of fact.

Eiden appealed the order of the commission to the trial

ture. Jennings told Fisher to call appellant in for an explanation of the telephone statement and, if appellant could not give a satisfactory explanation, to discipline appellant by suspension for not less than 5 days or such other punishment as Undersheriff Fisher deemed appropriate."

[2]Finding of fact No. 5 states: "On July 8, 1971, Undersheriff Fisher called appellant into his office and after appellant verified that it was his voice on the tape recording, the Undersheriff stated that he was terminating appellant. At or prior to the conference with appellant, Undersheriff Fisher had already consulted office rules, determined to terminate appellant from the service, and dictated and had typed the termination letter which he handed to appellant at the close of the conference."

[3]RCW 41.14.120 provides in part: "Any person so removed . . . may within ten days from the time of his removal . . . file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. The investigation shall be confined to the determination of the question of whether the removal . . . was made in good faith for cause. After such investigation commission [may affirm, reverse or modify the removal.] The findings of the commission shall be certified, in writing to the appointing power, and shall be forthwith enforced by such officer.

"All investigations made by the commission pursuant to this section shall be by public hearing . . ."

court[4] which reversed and set aside the commission's order and remanded the matter to the commission with directions that it order the sheriff to reinstate Eiden at the rank of sergeant with full back pay and other benefits. The commission appeals.

The thrust of the commission's legal argument on appeal constitutes a direct challenge to the trial court's judgment, four of its findings of fact, and seven of its conclusions of law.[5] The commission's primary contention is that the trial

---

[4]RCW 41.14.120 provides in part: "If order of removal, suspension, or demotion is concurred in by the commission or a majority thereof, the accused may appeal therefrom to the superior court of the county wherein he resides. . . . The court shall thereupon proceed to hear and determine the appeal in a summary manner. Such hearing shall be confined to the determination of whether the order of removal, suspension, or demotion made by the commission, was or was not made in good faith for cause, and no appeal shall be taken except upon such ground or grounds. The decision of the superior court may be appealed to the supreme court or the court of appeals."

[5]The challenged conclusions of law state: "The Court has jurisdiction of the parties and of the subject matter of this action." Conclusion of law No. 1.

"Under the facts and circumstances contained in the record before this Court, the Sheriff of Snohomish County, acting by and through the Undersheriff, acted in an arbitrary and capricious manner in summarily terminating appellant's employment on July 8, 1971, and that he did not accord appellant the due process to which he is entitled by the Fourteenth Amendment to the United States Constitution" Conclusion of law No. 3.

"Upon appeal to the Snohomish County Civil Service Commission, the Commission did not follow specific mandates of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and of its own Rules and Regulations in that it failed to make any findings of fact or any findings whatsoever, and it is therefore impossible for this Court to determine upon what basis the Civil Service Commission entered the order that it did." Conclusion of law No. 5.

"Based upon an entire review of the evidence, including exhibits before the Snohomish County Civil Service Commission, as it relates to the grounds assigned for dismissal by the Sheriff, the order of removal, suspension and demotion entered by the Commission against appellant was not made in good faith or for cause." Conclusion of law No. 6.

"Based upon an entire review of the facts which were before the Snohomish County Civil Service Commission, there is insufficient evidence to sustain the order of the Civil Service Commission, removing appellant as a Sergeant, suspending him without pay for two months and demoting him to First Class Deputy, on any or all of the causes

court erred when it concluded that the commission invalidly entered its order disciplining Eiden. Whether or not this contention has merit is a question which can be answered only in the context of the scope of judicial review which properly may be applied to the commission's action by the trial court and by this court.

The primary source for the power of judicial review applicable to the case at bar is statutory, specifically, RCW 41.14.120. *See State ex rel. Hood v. State Personnel Board,* 82 Wn.2d 396, 511 P.2d 52 (1973). The statute provides that the trial court's hearing "shall be confined to the determination of whether the order of removal, suspension, or demotion made by the commission, was or was not made in good faith for cause . . ." RCW 41.14.120, in part. In this case, the trial court explicitly concluded that the "suspension and demotion entered by the Commission against [Eiden] was not made in good faith or for cause." Conclusion of law No. 6, in part.[6]

---

with which appellant was charged by the Sheriff." Conclusion of law No. 7.

"The order of the Snohomish County Civil Service Commission dated August 28, 1971, should be reversed and set aside." Conclusion of law No. 8.

"This matter should be remanded to the Snohomish County Civil Service Commission with directions to the Commission to prepare and enter an order directing the Snohomish County Sheriff as follows:

"1. To reinstate appellant in the position of Sergeant;

"2. To pay to appellant full back pay, being an amount equal to the difference between what appellant would have been paid as a Sergeant from July 8, 1971, to the date of his reinstatement as a Sergeant, and what he actually was paid, together with interest;

"3. To pay on behalf of appellant all amounts for benefits, including social security and pension, to which appellant would have been entitled by law or Snohomish County Sheriff's Department policy as a Sergeant, but which were not paid on his behalf because of the wrongful removal, suspension and demotion of appellant;

"4. To remove from appellant's personnel records all references to appellant's wrongful removal, suspension and demotion arising out of the incident of July 4, 1971.

"Appellant should be awarded his costs and disbursements herein." Conclusion of law No. 9.

[6]In view of our disposition of this case, we need not consider the commission's contentions directed arguendo to the proposition that if it

■■ Moreover, as was held in *Reiger v. Seattle*, 57 Wn.2d 651, 653, 359 P.2d 151 (1961), and recently reaffirmed in *Helland v. King County Civil Serv. Comm'n*, 84 Wn.2d 858, 862, 529 P.2d 1058 (1975), "[T]he judiciary will only review the actions of an administrative agency to determine if its conclusions may be said to be, *as a matter of law*, arbitrary, capricious, or contrary to law." In reviewing the commission's order suspending and demoting Eiden, the trial court properly limited itself to a consideration of the record of the hearing before the commission. We also are bound to review the same record which was considered by the trial court and, moreover, we must exercise our independent judgment to determine whether the commission acted arbitrarily, capriciously or contrary to law. In this connection, our state Supreme Court stated in *Smith v. Skagit County*, 75 Wn.2d 715, 718, 453 P.2d 832 (1969):

> [W]here the record both at trial and on appeal consists entirely of written and graphic material—documents, reports, maps, charts, official data and the like—and the trial court has not seen nor heard testimony requiring it to assess the credibility or competency of witnesses, and to weigh the evidence, nor reconcile conflicting evidence, then on appeal a court of review stands in the same position as the trial court in looking at the facts of the case and should review the record de novo.

*Accord, Anderson v. Island County*, 81 Wn.2d 312, 501 P.2d 594 (1972).

In *Northern Pac. Ry. v. National Cylinder Gas Div.*, 2 Wn. App. 338, 341, 467 P.2d 884 (1970), the scope of appellate review of administrative action permissible under the rule in *Smith v. Skagit County, supra*, was described as follows:

> The trial court in *Smith* was reviewing action of a planning commission and board of commissioners and

were determined the commission acted in good faith for cause, then the trial court's review would be limited to a determination of whether there was an abuse of discretion, *see Wenatchee v. Berg*, 1 Wn. App. 354, 461 P.2d 563 (1969), or whether the commission was guilty of illegal or manifestly arbitrary and capricious action violative of a fundamental right, *see State ex rel. Hood v. State Personnel Board, supra.*

was acting in an appellate capacity. In these circumstances its review is generally limited to question[s] of "law." . . .

The determination by the trial court of the question of whether findings of a planning commission and board of commissioners are supported by substantial evidence is a question of law, not of fact.

Thus, in *Anderson v. Island County, supra,* our state Supreme Court reviewed findings of fact made by a county board of commissioners in support of its rezone action and determined that such findings were not supported by the evidence presented before the board. Further, the court examined the record of the proceedings before the board to determine that no reasonable person could conclude that the zoning action was related to the public interest and therefore held as a matter of law that the action of the board was arbitrary and capricious.

In *Standard Pressed Steel Co. v. Department of Revenue,* 10 Wn. App. 45, 516 P.2d 1043 (1973), unlike *Smith* and *Anderson,* the scope of judicial review was not limited to whether there had been arbitrary and capricious action, but was determined by the provisions of the administrative procedures act, specifically, RCW 34.04.130(6). Similarly, in the instant case, a statutory dimension is added to the scope of judicial review, namely, RCW 41.14.120, under which we must determine whether the record of the proceedings before the commission sustains the trial court's determination that the commission did not act in good faith for cause when it concluded that it would order Eiden's suspension and demotion.

In applying the foregoing principles to this case, we note that the commission made no formal findings of fact, a defect which Eiden contends is in itself fatal to the commission's action. RCW 41.14.120. Inasmuch as we must consider the record de novo to determine whether or not the *conclusions* of the commission are contrary to law, *Helland v. King County Civil Serv. Comm'n, supra; Smith v. Skagit County, supra,* we shall assume arguendo that formal find-

ings of fact were not required. Accordingly, we direct our attention to the findings of fact by the trial court claimed by the commission to be erroneous, which state:

Prior to July 4, 1971, officers and employees in the Department did on occasion answer the office telephone giving someone else's name, and the practice was regarded as an intra-office joke. However, prior to July 4, 1971, the record indicates appellant had never answered the telephone using another person's name.

Finding of fact No. 3.

The reasons for termination of appellant's employment were stated in the termination letter as follows:
Orders of the Sheriff:
Causes for dismissal, Rule 84, Item # 1 — False statements or fraudulent conduct as an applicant examinee, eligible, or employee, or such actions by others with his connivance.
Item # 6 — Incompetency or inefficiency in the performance of the duties of his proper position.
Item # 16 — Conduct unbecoming an officer, member, or employee of the Snohomish County Sheriff's Department.
On Sunday 4 July 1971 at 1653 hours, the following conversation was transcribed on the Snohomish County Sheriff's Department telephonic tape recorder:
"1653, Sheriff's Office, Deputy Korhonen speaking."
The voice answering as Deputy Korhonen has been identified by members of this department as the voice of James A. Eiden, a sergeant in command of "A" Section, Patrol Division, Snohomish County Sheriff's Department, and on duty as such at this time and date.
There was no other basis for the disciplinary action imposed upon appellant at that time.

Finding of fact No. 6.

There is no evidence in the record relating to appellant's duties as a Sergeant as of July 8, 1971, or to his personnel records or performance evaluations as of that date.

Finding of fact No. 9.

Appellant's use of Deputy Korhonen's name in answering the telephone on July 4, 1971, was done in levity and

was directed towards Deputy Korhonen and without intent to mislead or deceive anyone.

Finding of fact No. 10. As respondent points out in his brief, each of these findings is supported by substantial evidence and therefore normally would be deemed verities for purposes of appeal. *State v. Smith*, 84 Wn.2d 498, 527 P.2d 674 (1974); *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). Thus, the trial court did not err per se in entering these findings[7] but, in making our independent review of the record, we must determine whether we *agree* with the trial court's findings, not merely whether such findings are supported by substantial evidence.

The commission contends essentially that the trial court's findings do not support its conclusion that the commissision had no cause to suspend and demote Eiden within the meaning of RCW 41.14.120. The commission argues that such cause may be established by its claim that Eiden is incompetent within the meaning of RCW 41.14.110.[8] In ad-

[7]The commission argues that the trial court erred in entering the challenged findings in that at least a "scintilla of evidence" supports the commission's determination and therefore the trial court should have upheld the action of the commission on the ground that such action was not arbitrary or capricious. In this connection the commission directs us to language contained in *State ex rel. Perry v. Seattle*, 62 Wn.2d 891, 894, 384 P.2d 874 (1963). We need not reach the merits of this argument because, as we have indicated, the trial court's review is not limited to the determination of whether the commission's action was arbitrary or capricious. *See* RCW 41.14.120.

[8]RCW 41.14.110 provides in part:

The tenure of every person holding an office, place, position, or employment under the provisions of this chapter shall be only during good behavior, and any such person may be removed or discharged, suspended without pay, demoted, or reduced in rank, or deprived of vacation privileges or other special privileges for any of the following reasons:

(1) Incompetency, inefficiency, or inattention to, or dereliction of duty . . .

The commission states in its brief that it does not waive its contention that cause to suspend and demote Eiden exists under other sections of RCW 41.14.110, but it offers no argument in that regard nor does the record otherwise support such a contention which, therefore, will not be considered on this appeal.

dition, the commission argues that there is no substantial evidence to support the trial court's conclusion that the commission did not act in good faith.

We disagree. The sole basis for the commission's claim of Eiden's incompetency is his use of Deputy Korhonen's name on the telephone on July 4, 1971. The record reflects that Eiden had been disciplined three times during the course of his employment with the Snohomish County Sheriff's Department, but we are unable to say these incidents establish incompetency, particularly in view of the fact that the record indicates that Eiden was promoted following the first two disciplinary incidents.[9] Our review of the record of the August 28, 1971 hearing before the commission reveals no persuasive evidence to support a conclusion that Eiden was incompetent in the performance of his duties as a sergeant. In this connection, both parties direct us to the helpful definition of "incompetency" which is set forth in *State ex rel. Hardie v. Coleman*, 115 Fla. 119, 126, 155 So. 129, 92 A.L.R. 988 (1934):

> Incompetency as a ground for suspension and removal has reference to any physical, moral or intellectual quality, the lack of which incapacitate[s] one to perform the duties of his office. Incompetency may arise from gross ignorance of official duties or gross carelessness in the discharge of them. It may also arise from lack of judgment and discretion or from a serious physical or mental defect not present at the time of election, though we do not imply that all physical and mental defects so arising would give ground for suspension.

*But see In re Advisory Opinion to the Governor*, 213 So. 2d

---

[9]Finding of fact No. 7 states: "During his over eleven years of employment with the Snohomish County Sheriff's Department, appellant had received disciplinary action on three occasions: On June 12, 1961, he was suspended for 5 days for giving mail to a woman prisoner in the county jail without first examining the contents thereof; on January 2, 1962, appellant was given a verbal reprimand for reasons unstated in the record; and on July 23, 1970, appellant was suspended for 3 days for failing to prepare complaint forms upon the request of the records division of the department. Appellant did not appeal or seek review of any of these actions."

716 (Fla. 1968). In *Deering v. Seattle*, 10 Wn. App. 832, 837, 520 P.2d 638 (1974), this court indicated that a civil service commission's determination that a fireman "had failed to work a hydrant properly when fighting a fire, which may have contributed to property loss, . . ." was sufficient to support a charge of "incompetency and inefficiency." In *Deering*, unlike the case at bar, "incompetency" was established because of a deficiency by the employee which affected the *performance* of his duties.

▓ Whatever may be the appropriate language to define the term "incompetency," we agree with the trial court's findings to the effect that Eiden's use of Deputy Korhonen's name on July 4, 1971, was done in levity without intent to deceive or mislead and was an act which in no way disrupted the business of the sheriff's department. Although Eiden's apparent sense of humor reflects a less than admirable sense of judgment which we do not condone, it does not demonstrate incompetency. Therefore, we hold, as did the trial court, that as a matter of law the commission's severe discipline of Eiden on August 28, 1971, does not constitute a disciplinary action taken in good faith for cause and therefore was contrary to law, if not arbitrary and capricious.[10] *See Helland v. King County Civil Serv. Comm'n, supra*; RCW 41.14.120.

▓ Finally, we note that the commission makes a factually complicated procedural challenge to the trial court's jurisdiction.[11] The record indicates that on January 15, 1973, Eiden's counsel received a notice from the Snohomish

---

[10]In view of our holding, we may affirm the trial court's judgment without reaching the merits of a secondary contention by the commission to the effect that the trial court erred when it entered conclusions of law Nos. 3 and 5 stating that the actions of the undersheriff and of the commission denied Eiden the protection of due process.

[11]The commission also points out that the Snohomish County sheriff was never made a party to this action and therefore argues that the effect of the trial court's judgment setting aside the commission's order of August 28, 1971, is to reinstate the sheriff's order dismissing Eiden. This argument is without merit. The trial court's judgment is binding upon the commission, and appropriate action by the commission will bind the sheriff.

County Clerk reciting pursuant to RPPP 41.04W that Eiden's cause of action would be dismissed on the clerk's motion for want of prosecution unless timely "application in writing is made to the Court and good cause shown why it should be continued as a pending case." RPPP 41.04W was superseded in 1967 by CR 41, the relevant language of which provides in CR 41(b)(2)(A) that the clerk must notify counsel that a cause will be dismissed on the clerk's motion for want of prosecution unless "*action of record* is made or an application in writing is made to the court and good cause shown why it should be continued as a pending case." (Italics ours.) Eiden's counsel timely filed his application for continuance pursuant to the clerk's notice which was based on an erroneous rule, RPPP 41.04W, as noted above. On February 9, 1973, without notice to Eiden's counsel, an order of dismissal was entered by the motion judge (not the trial judge). Thereafter, on April 9, 1973, the motion judge vacated his prior order of dismissal.

The commission argues that the trial court was without jurisdiction to enter the judgment which is the subject of this appeal by reasoning that because the dismissal on February 9, 1973, was mandatory under CR 41(b)(2)(C), the motion judge was without power to vacate the order of dismissal on April 9, 1973.[12] In support of this contention, the commission relies primarily upon *Nicholson v. Ballard*, 7 Wn. App. 230, 499 P.2d 212 (1972).

In *Nicholson*, it was held that once an order of dismissal has been entered pursuant to the dismissal procedure made mandatory by CR 41(b)(2)(C), it may not be vacated under CR 60(b)(1) because of inadvertence or excusable neglect on the part of counsel. In this case, the clerk failed to give the notice required by CR 41(b)(2)(A) but instead gave the notice previously required by the superseded RPPP 41.04W. Counsel's affidavit indicates that had he been advised properly under CR 41(b)(2)(A), that "action

---

[12]CR 41(b)(2)(C) provides in part:
"This dismissal procedure [including CR 41(b)(2)(A)] is mandatory as to all cases filed after January 1, 1959 . . ."

of record" would have been sufficient to defeat the clerk's motion to dismiss, he would have proceeded to note the case for trial. Instead, he was advised by the clerk's notice that he could proceed only pursuant to RPPP 41.04W which permitted only an application in writing for a continuance. In short, the order of dismissal of February 9, 1973, was entered in a manner contrary to the dismissal procedure made mandatory by CR 41(b)(2)(C). Given such a showing, the motion judge properly vacated the order of dismissal on April 9, 1973. Thus, the commission's contention that the trial court lacked jurisdiction to proceed in this cause is without merit.

The judgment is affirmed.

WILLIAMS, C.J., and JAMES, J., concur.