[Nos. 2807-1-III; 4103-4-III.  Division Three.  July 2, 1981.]

DAVID BENNETT, ET AL, *Appellants,* v. BOARD OF ADJUSTMENT OF BENTON COUNTY, ET AL, *Respondents.*

754

*Rembert Ryals* and *Critchlow & Williams*, for appellants.

*Curtis Ludwig, Prosecuting Attorney, Dennis Yule, Deputy, Carl G. Sonderman,* and *Sonderman & Egan,* for respondents.

MUNSON, J.—Plaintiffs appeal the Benton County Superior Court's denial of their motion to vacate the decision of the Benton County Board of Adjustment approving a special use permit for the defendant, John Thom. We affirm.

The facts of this case are set forth in *Bennett v. Board of Adjustment,* 23 Wn. App. 698, 597 P.2d 939 (1979). There, we remanded the matter for transcription of the tape—recorded proceedings of the Board of Adjustment. That transcript was prepared; but plaintiffs now argue it is inadequate and continue to contend the Board's actions were arbitrary and capricious.

The transcript of the Board's hearings lacks identification of most of the speakers. There are portions which were

so garbled or inaudible they could not be transcribed. The condition of the record vividly points up the need to monitor and maintain control of electronically recorded proceedings. *See generally* RALJ Title 5.[1] More care must be taken to request speakers to identify themselves and the tapes must be monitored to determine whether the machine is recording the testimony.[2] Notwithstanding, this particular transcript is adequate for review of the issue presented.

The only substantive issue is whether the Board acted in an arbitrary and capricious manner. *See Ling v. Whatcom County Bd. of Adjustment,* 21 Wn. App. 497, 585 P.2d 815 (1978). Arbitrary and capricious action has been defined as willful and unreasoning action without consideration and in disregard to facts and circumstances. Where there is room for two opinions, action is not arbitrary and capricious even though one may believe an erroneous conclusion has been reached. *In re Stockwell,* 28 Wn. App. 295, 302, 622 P.2d 910 (1981); *King County v. State Bd. of Tax Appeals,* 28 Wn. App. 230, 241, 622 P.2d 898 (1981); *Zoutendyk v. Washington State Patrol,* 27 Wn. App. 65, 616 P.2d 674 (1980).

The trial court found the Board had not been arbitrary and capricious. We apply the same standard of review and reach the same conclusion. *Benavides v. Civil*

---

[1]94 Wn.2d 1136, 1148 (effective January 1, 1981) and the 1981 Supplement to the 1980 edition of the Washington Court Rules, West Publishing Company.

[2]We strongly urge that where proceedings are electronically recorded great care be taken to ensure usable recordings. To that end, we suggest:

1. If possible, high quality multi–track recording equipment with multiple microphones should be used. This would enable the transcriber to play back one track—and hence one voice—at a time.

2. Proceedings must be organized to facilitate recording. Thus, speakers *must* be required, and reminded if necessary, to speak into microphones; to identify themselves before speaking, spelling out their names; to stay at the microphones while speaking; and to talk rather than rely upon bodily gestures to convey meaning.

3. The person operating the recorder should monitor the recording, check the tape after periods of increased background noise to determine whether testimony was recorded, and *ask the speaker to repeat the testimony if it is inaudible.*

*Service Comm'n,* 26 Wn. App. 531, 534, 613 P.2d 807 (1980); *Eiden v. Snohomish County Civil Serv. Comm'n,* 13 Wn. App. 32, 37, 533 P.2d 426 (1975). This record shows ample evidence which would sustain the Board's decision, as well as considerable evidence to the contrary. The record need only establish there was evidence to support two points of view on the matter, and the record is sufficient for that purpose. Therefore, the Board's action was not arbitrary and capricious.

Affirmed.

ROE, A.C.J., and GREEN, J., concur.