PER CURIAM.
 

 The Florida State Lodge, Fraternal Order of Police (“FOP”) is a union representing two bargaining units within the office of the Sheriff of Pasco County. The parties engaged in initial collective bargaining, reaching tentative agreement on some issues and impasse on others. Upon FOP’s request and pursuant to section 447.403(2), Florida Statutes, PERC assigned a special magistrate to assist in resolving the impasse issues. Ultimately, the parties rejected the special magistrate’s recommen
 
 *1074
 
 dations, necessitating submission of the impasse issues to the relevant legislative body as provided by section 447.403(4), Florida Statutes. The Sheriff, who is the public employer, deemed himself the relevant legislative body, conducted a public hearing, and resolved the impasse. FOP refused to submit the resulting collective bargaining agreement to its members. Instead it filed an Unfair Labor Practice charge with PERC alleging the Sheriff failed to submit the impasse issues to the Pasco County Board of County Commissioners (“Board”) as the appropriate legislative body. PERC concluded that under section 447.203(10), Florida Statutes, the Board is the appropriate legislative body to resolve the impasse between FOP and the Sheriff, and ordered the Sheriff to submit the impasse issues to the Board.
 

 Section 447.203 defines “legislative body” in pertinent part as follows:
 

 “Legislative body” means the State Legislature, the board of county commissioners, the district school board, the governing body of a municipality, or the governing body of an instrumentality or unit of government having authority to appropriate funds and establish policy governing the terms and conditions of employment and which, as the case may be, is the appropriate legislative body for the bargaining unit.
 

 § 447.203(10), Fla. Stat. (2007). As PERC reads this provision, there are two classes of legislative bodies authorized to resolve collective bargaining impasse issues: named (State Legislature, board of county commissioners, district school board) and unnamed (“governing body of an instrumentality or unit of government having authority to appropriate funds and establish policy governing the terms and conditions of employment and which, as the case may be, is the appropriate legislative body for the bargaining unit”). PERC determined the Sheriff is not a named entity and does not satisfy the criteria for unnamed entities because he has no authority to appropriate funds. On the other hand, PERC found, the Board both is a named entity and meets all the criteria for unnamed entities.
 

 The Sheriff asserts that the Board lacks the authority to establish terms and conditions of employment for his employees. This may be so, but chapter 90-491, Laws of Florida, authorizes the Board to enact disciplinary processes and procedures to which the Sheriff must adhere. Such authority suffices to satisfy the statute. Further the Board appropriates the funds for the Sheriffs Office. While the Sheriff has the right to appeal certain budget decisions of the Board to the Florida Administration Commission, appeal rights do not equate to appropriations authority. It is clear the Legislature defined “legislative body” in section 447.203(10) so as to ensure the entity resolving collective bargaining impasse issues is the entity with authority to fund the resulting collective bargaining agreement. The Sheriff, as a constitutional officer within the executive branch, has no such authority.
 
 See
 
 Art. VIII, § 1(d), Fla. Const.;
 
 State v. Fla. Police Benevolent Ass’n, Inc.,
 
 613 So.2d 415, 418-19 (Fla.1992) (stating that requiring the Legislature to fully fund collective bargaining agreements would allow the executive branch, as the public employer entering into such agreements, “to invade the legislative branch’s exclusive right to appropriate funds.”);
 
 In re Advisory Op. to the Governor,
 
 213 So.2d 716, 718 (Fla.1968) (noting that a sheriff is part of the executive branch).
 
 And see Webster’s Ninth New Collegiate Dictionary
 
 683 (1989) (defining “legislative” as “belonging to the branch of government that is charged with such powers as making laws, levying and collecting taxes, and making financial ap
 
 *1075
 
 propriations”). Thus PERC’s interpretation of section 447.203(10) is not erroneous.
 
 See
 
 § 120.68(7)(d), Fla. Stat. (2009) (appellate court shall remand a case to the agency if it finds the agency “has erroneously interpreted a provision of law and a correct interpretation compels a particular action”).
 

 AFFIRMED.
 

 THOMAS, CLARK, and MARSTILLER, JJ., concur.